# Document 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

RYAN JAY PETTEY,                          :
       Petitioner,                      :
                                          :
   v.                                     :     Civil Action No. 05-131 (Erie)
                                          :
JAMES SHERMAN, WARDEN,                    :
       Respondent.                      :

## DECLARATION OF JOYCE HORIKAWA

I, Joyce M. Horikawa, make the following declaration under penalty of perjury:

1. I am a Senior Attorney Advisor employed by the United States Department of Justice, Federal Bureau of Prisons, assigned to the Northeast Regional Office in Philadelphia, Pennsylvania. I have been employed in this position since approximately April 8, 2001. Pursuant to my official duties, I am familiar with Bureau of Prisons policies and regulations governing the release of information and the exhaustion of administrative remedies. Also, pursuant to my official duties, have access to records maintained in the ordinary course of business by the Federal Bureau of Prisons, Northeast Regional Office, including all records maintained on the Bureau of Prisons computerized data base.

2. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. *See* 28 C.F.R. §§ 542.14 and 542.15. The

administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is

denied by the Bureau of Prisons General Counsel.

      3. In the ordinary course of business, computerized indexes of all administrative remedy requests

and appeals filed by inmates are maintained by the Federal Bureau of Prisons so that rapid verification

may be made as to whether an inmate has exhausted the administrative remedy process on a particular

issue.

      4. In connection with the above-captioned civil action, I accessed the computerized indexes of

all administrative remedies filed by inmate Ryan Jay Pettey, Reg. No. 10698-040, the Petitioner in the

above-captioned civil action, to determine whether he attempted to exhaust the highest level of

administrative appeal challenging his sentence computation based upon the reversal or overruling of the

September 25, 2001 decision of the Michigan State Parole Board  to suspend his state parole.

      5. Following a search of the indexes of all administrative remedies filed by inmate Pettey, it was

determined that he had not filed a single administrative remedy request or appeal in which he challenged

his federal sentencing computation based upon the reversal or overruling of the September 25, 2001

decision of the Michigan state parole board to suspend his parole.   Thus, inmate Pettey has not

exhausted his available administrative remedies on any issue challenging his federal sentence

computation based upon the reversal or overruling of the September 25, 2001 decision of the Michigan

state parole board to suspend his state parole.

      6.  Pursuant to Bureau of Prisons Program Statement 1351.05, Release of Information

(September 19, 2002), inmates may not possess their Presentence Investigation Reports (PSRs), and the

Statement of Reasons (SORs), which are commonly appended to Judgment and Commitment Orders.

Pursuant to the safeguards taken within the Northeast Region of the Federal Bureau of Prisons, inmates

incarcerated in federal prisons within the Bureau of Prisons Northeast Region are also not permitted to

possess their criminal court transcripts or the docket sheets from their criminal trials. Inmates who wish to review their PSRs or SORs may access, review, and make notes from these documents upon submission of a request to a member of their Unit Team. Inmates who wish to review their criminal trial transcripts and/or criminal docket sheets may, with prior approval from their Unit Team, have a copy of these documents sent to prison, where they may be maintained in the inmate's Central File. Thus, the inmate may access, review, and take notes from their criminal trial transcripts and/or their criminal trial docket sheets upon submission of a request to a member of their Unit Team.

7. On or about May 24, 2005, I accessed the criminal docket sheet in the case <u>USA v. Ostrander, et al.</u>, Criminal Case Number 1:01:cr-00218-RHB-3 (WDMI- Grand Rapids), and verified that this is the criminal case in which inmate Pettey was federally prosecuted and sentenced. The docket sheet indicates the following:

    a.     On or about October 2, 2001, a superseding indictment was filed in this case adding Ryan Jay Pettey as a defendant in this criminal case;

    b.     On or about October 23, 2001, a Petition for writ of habeas corpus ad prosequendum was filed by the United States directing the United States Marshals Service to bring inmate Pettey before the federal court on November 1, 2001 for an initial appearance/arraignment;

    c.     On or about November 1, 2001, Petitioner Pettey appeared in federal court, stood mute, and a plea of not guilty was entered by the court. Thereafter, the government moved for a three day continuance, and inmate Pettey was remanded to the custody of the United States Marshals Service pending detention hearing and the initial pretrial conference; and

    d.     On or about May 3, 2002, inmate Pettey entered a guilty plea in the United States District Court.

8. On or about June 2, 2005, I contacted June Daman, Central Records Supervisor for the State of Michigan, Department of Corrections, in Lansing Michigan, and requested true and correct copies of the following documents which are maintained in the ordinary course of business by the Michigan Department of Corrections:

-3-

(1)    Basic Information Report for Ryan Jay Pettey, Michigan Department of Corrections Number A246691; and

(2)    State of Michigan Judgment of Sentence Commitment to Department of Corrections, State of Michigan v. Ryan Jay Pettey, Case Number: 00-08520-FH, Michigan 17th Judicial District, dated November 21, 2000.

9.  In accordance with my request, Ms. Daman sent me true and correct copies of the above-listed documents which are maintained in the ordinary course of business by the Michigan Department of Corrections.

10.  On or about June 2, 2005, I contacted David Kleinhardt, Parole Board Department Manager, State of Michigan Board of Parole, and requested true and correct copies of the following documents, which are maintained in the ordinary course of business by the Michigan Board of Parole:

(1)    Notice of Decision, dated May 29, 2001;

(2)    Notice of Decision dated October 4, 2001;

(3)    Notice of Decision dated September 20, 2002;

(4)    Notice of Decision dated August 12, 2003; and

(5)    Notice of Parole, dated February 5, 2004.

11.  In accordance with my request, Mr. Kleinhardt sent me true and correct copies of the above-listed documents, which are maintained in the ordinary course of business in the computerized data base of the State of Michigan Board of Parole.

12.  Attached please find true and correct copies of the following documents:

a.    Public Information Data of Ryan Jay Pettey, Reg. No. 10698-040;

b.    Michigan Department of Corrections Basic Information Data Report for Ryan Jay Pettey;

c.    Michigan Judgment and Commitment Order, Michigan v. Ryan Jay Pettey, 00-08520-FH (MI, 17th Judicial District;

d.    Michigan Parole Board Notice of Decision, dated May 29, 2001;

-4-

e.    Michigan Parole Board Notice of Decision, dated October 4, 2001;

f.    Michigan Parole Board Notice of Decision, dated September 20, 2002;

g.    Michigan Parole Board Notice of Decision, dated August 12, 2003;

h.    Michigan Parole Board Notice of Parole, dated February 5, 2004;

i.    Federal Sentence Monitoring Computation Data, for Ryan Jay Pettey, Reg. No. 10698-040; and

j.    Administrative Remedy Case Number 357014

I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 7th day of June, 2005

Joyce Horikawa
Senior Attorney
Federal Bureau of Prisons
Philadelphia, PA

# Document 1a

```
   NERH4           *        PUBLIC INFORMATION         *      05-24-2005
PAGE 001           *           INMATE DATA             *      10:14:40
                              AS OF 05-24-2005

REGNO..: 10698-040 NAME: PETTEY, RYAN JAY

                   RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 814-362-8900    FAX: 814-363-6821
                                     RACE/SEX...: WHITE / MALE
FBI NUMBER.: 951244FA1               DOB/AGE....: 04-25-1969 / 36
PROJ REL MT: GOOD CONDUCT TIME RELEASE   PAR ELIG DT: N/A
PROJ REL DT: 07-12-2008              PAR HEAR DT:
-------------------------- ADMIT/RELEASE HISTORY ---------------------------
FCL    ASSIGNMENT DESCRIPTION            START DATE/TIME STOP  DATE/TIME
MCK    A-DES      DESIGNATED, AT ASSIGNED FACIL 07-01-2004 0830 CURRENT
S42    RELEASE    RELEASED FROM IN-TRANSIT FACL 07-01-2004 0830 07-01-2004 0830
S42    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-01-2004 0552 07-01-2004 0830
LEW    HLD REMOVE HOLDOVER REMOVED       07-01-2004 0552 07-01-2004 0552
LEW    A-HLD      HOLDOVER, TEMPORARILY HOUSED 06-28-2004 1815 07-01-2004 0552
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 06-28-2004 1815 06-28-2004 1815
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-28-2004 0900 06-28-2004 1815
OKL    HLD REMOVE HOLDOVER REMOVED       06-28-2004 0800 06-28-2004 0800
OKL    A-HLD      HOLDOVER, TEMPORARILY HOUSED 05-26-2004 1705 06-28-2004 0800
A02    RELEASE    RELEASED FROM IN-TRANSIT FACL 05-26-2004 1805 05-26-2004 1805
A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-26-2004 1126 05-26-2004 1805
MIL    HLD REMOVE HOLDOVER REMOVED       05-26-2004 1126 05-26-2004 1126
MIL    A-HLD      HOLDOVER, TEMPORARILY HOUSED 03-24-2004 1207 05-26-2004 1126
0-Z    RELEASE    RELEASED FROM IN-TRANSIT FACL 03-24-2004 1207 03-24-2004 1207
0-Z    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-15-2004 0830 03-24-2004 1207
CDT    ADMIN REL  ADMINISTRATIVE RELEASE  03-15-2004 0830 03-15-2004 0830
CDT    A-ADMIN    ADMINISTRATIVE ADMISSION 03-15-2004 0823 03-15-2004 0830
BMP    UNCOMT RMV UNCOMMITTED CASE REMOVED 07-03-2003 1404 03-15-2004 0823
BMP    A-UNCOMMIT UNCOMMITTED PERSON      07-03-2003 1402 07-03-2003 1404

G0002      MORE PAGES TO FOLLOW . . .
```

```
NERH4              *          PUBLIC INFORMATION         *     05-24-2005
PAGE 002           *             INMATE DATA             *     10:14:40
                                AS OF 05-24-2005

REGNO..: 10698-040 NAME: PETTEY, RYAN JAY

                    RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 814-362-8900    FAX: 814-363-6821
PRE-RELEASE PREPARATION DATE: 02-05-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 07-12-2008 VIA GCT REL

--------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: MICHIGAN, WESTERN DISTRICT
DOCKET NUMBER...................: 1:01-CR-218-03
JUDGE...........................: BELL
DATE SENTENCED/PROBATION IMPOSED: 08-15-2002
DATE COMMITTED..................: 07-01-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $100.00        $00.00          $300.00      $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO         AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  541
OFF/CHG: 18:1952(A)(3) AND 2 INTERSTATE TRAVEL IN AID OF RACKETEERING

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    60 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 08-31-2000




G0002       MORE PAGES TO FOLLOW . . .
```

```
    NERH4          *        PUBLIC INFORMATION        *      05-24-2005
PAGE 003 OF 003 *            INMATE DATA              *      10:14:40
                           AS OF 05-24-2005
```

REGNO..: 10698-040 NAME: PETTEY, RYAN JAY

```
                  RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 814-362-8900    FAX: 814-363-6821
------------------------CURRENT COMPUTATION NO: 010 ------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 07-30-2004 AT MCK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 03-05-2004
TOTAL TERM IN EFFECT............:   60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 08-31-2000

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 235
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 07-12-2008
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 03-04-2009


PROJECTED SATISFACTION DATE.....: 07-12-2008
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Document 1b

Michigan Department of Corrections

CFJ-101
Rev. 2/99

# BASIC INFORMATION REPORT

| Court Name (Last, First, Middle) | | MDOC No. | Local Police Dept. # | Local Computer # |
|---|---|---|---|---|
| PETTEY, RYAN JAY | | A246691 | 4169 | 0 |

| Alias / Maiden | Given Name |
|---|---|
| "R.J." | SAME |

| Place of Birth | HASTINGS, MI | | Citizenship | USA | Last Known Address & Telephone No. |
|---|---|---|---|---|---|
| State & DLN: | MI P 300 755 379 318 | | DOB: | 4/25/69 | 11238 SHANER |
| SSN: | 370 96 0793 | SID No. 1391094T | FBI No. | 951244FA1 | ROCKFORD, MI 49341 |
| | | | | | TX: 616-866-4996 |

| Race | Sex | Hair | Eyes | Height | Weight | Highest Grade | Occupation | Health Ins. | Assets-$1,500 & Up |
|---|---|---|---|---|---|---|---|---|---|
| W | M | BRO | BRO | 6'0" | 175 | GED | PLUMBER | NO | NO |

| Mo. Inc. of $75 & Up | Marital Status | Dependants | Religion | Military Branch | | Military Dates | Discharge Type |
|---|---|---|---|---|---|---|---|
| YES | SINGLE | 1 | CHRISTIAN | N/A | | N/A | N/A |

| Marks, Scars, Amputations, Tattoos: | | | Drug Abuse | Alcohol Abuse | Known Homosexual | Mental Health Treatment |
|---|---|---|---|---|---|---|
| SC: R LEG & UNDER L EYE | | | YES | YES | NO | NO |

## CRIMINAL HISTORY

| Juvenile | | | Adult | | | | Status at Time of Offense | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Comm. | Prob. | Esc. | Jail | Pris. | Prob. | Esc. | _None | _HYTA | X Probation | _Delayed Sentence |
| 0 | 0 | 0 | 7 | 1 | 9 | 0 | _Parole | _Jail | _District Probation | |
| | | | | | | | | | _State Prison | _On Bond |

| Age at First Arrest | CSC Convictions | SAI Eligible | Pending Charges in Court | # Prior Felony convictions |
|---|---|---|---|---|
| 17 | 0 | NO | NO | 7 |

| Type of Report | County | KENT 41 | Agent & Caseload No. | C. SCHWEIGERT  3499 |
|---|---|---|---|---|

| | DOC Recommended Disposition | Probation Violation New Sentence | Probation Violation Technical |
|---|---|---|---|
| PSI 10/25/00 | 3 | NO | NO |

## CURRENT OFFENSE

| No 1 of | 1 | Docket No: | 00-08520-FH | Last Name: | PETTEY |
|---|---|---|---|---|---|

| PACC code | Offense | | Max | Habitual | Attempt | Consecutive Sentence |
|---|---|---|---|---|---|---|
| 33.74012A4 | POSS. COC. L/50 GRAMS. | | 20 YRS | NO | NO | NO |

| Victim/Relationship | N/A | Codefendant(s) | N/A |
|---|---|---|---|
| Victim/Relationship | N/A | Codefendant(s) | N/A |

| Circuit | Judge | Attorney | Appointed or Retained |
|---|---|---|---|
| 17 Circuit Court | DONALD A. JOHNSTON | PEDRO FERRAR | RETAINED |

| Method of Conviction | Date of Offense | Date of Arrest | Date of Bond | Date of Conviction | Jail Credit | Guilty but Mentally Ill |
|---|---|---|---|---|---|---|
| PLEA | 8/7/00 | 8/7/00 | 0 | 10/17/00 | FR: 8/7/00 | NO |

## DISPOSITION

| Sentence Type | Sentence Date | CTN | Fine | Cost | Restitution |
|---|---|---|---|---|---|
| Prison | 11 21 00 | 410022765402 | | | |

| Minimum | | | Maximum | | | Life | Jail | | Supervision Fees | Crime Victims Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| Years | Months | Days | Years | Months | Days | | Months | Days | | |
| 0 | 14 | 0 | 0 | 240 | 0 | | | | | |

| Sentencing Guideline Range | | Low | 0 | High | 34 | Life | | Not Applicable | |
|---|---|---|---|---|---|---|---|---|---|

| Sentencing Guideline Prior Record Total: | | 50 | Sentencing Guideline Offense Variable Total : | | 5 |
|---|---|---|---|---|---|

| Comments: |
|---|

# Document 1c

Jun. 2. 2005 12:50PM   SOM DOC RECORDS                          No.0994   P. 5
Approved SCAO Case 1:05-cv-00131-MBC-SPB - Document 63 - Filed 07/01/2005 (Page) 14 of 39
Original - Court; 2nd copy - Department of Corrections (for Parole);
3rd copy - State Police; 4th copy - Defet   t; 5th copy - Prosecutor

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>17TH JUDICIAL CIRCUIT | JUDGMENT OF SENTENCE<br>COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>00-08520-FH |
|---|---|---|

| ORI<br>MI - 410025J | Court address:<br>333 Monroe NW, Grand Rapids, MI 49503 | Court telephone number |
|---|---|---|

| THE PEOPLE OF | ✔ The State of Michigan<br>☐ _____ | v | Defendant's name, address, and telephone no<br>RYAN JAY PETTEY |
|---|---|---|---|

|  |  |  |
|---|---|---|
| CTN<br>41 00 227654 02 | SID<br>1391094T | DOB<br>10-17-00 |

| Prosecuting attorney name<br>William A. Forsyth | Bar no<br>P23770 | Defendant attorney name<br>Pedro Ferrer | Bar no. |
|---|---|---|---|

**THE COURT FINDS:**

1. Defendant, represented by counsel, was found guilty on     10-17-00     of the crime(s) as stated below
                                                          Date

*Plea: insert "G" for guilty plea; use "NC" for nolo contendere; use "MI" for guilty but mentally ill. *Use "X" if sentence is to be enhanced because of Habitual Offender Act.

| Count | CONVICTED BY<br>Plea*   Court   Jury | CRIME | CHARGE CODE(S)<br>MCL citation/PACC Code |
|---|---|---|---|
| 1 | G | PWID I/50g cocaine | 333.74012A4 |
|  |  |  |  |
|  |  |  |  |

☐ 2 Conviction reportable to Secretary of State under MCL 257 732 or MCL 281 1040
     The defendant's driver's license number is: _____
☐ 3. HIV testing was ordered on _____ , ___. Confidential test results are on file.
**IT IS ORDERED:**   JACKSON
4. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE<br>DATE | MINIMUM | | | MAXIMUM | | | DATE SENTENCE<br>BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  | Years | Mos. | Days | Years | Mos. | Days |  | Mos. | Days |  |
| 1 | 11-21-00 | 0 | 14 | 0 | 0 | 240 | 0 | 8-7-00 | 0 | 0 |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |

☐   Defendant shall pay restitution of $ _____ . If a cash bond/bail was personally posted by the defendant,
     payment toward restitution is to first be collected out of that bond/bail and allocated as specified under MCL 775.22
☐ 5   Sentence(s) to be served consecutively to:
     ☐ each other.   ☐ case number(s) _____
6. Defendant shall pay a $60.00 assessment for the Crime Victim Rights Fund.
7   Court recommendation:   Substance abuse treatment in prison and on parole
☐   8. Defendant shall pay a $150.00 assessment for forensic lab test.

| ___11-21-00___<br>Date | **DONALD A. JOHNSTON**<br>Judge Donald A. Johnston | P15554<br>Bar no. |
|---|---|---|

Under MCL 769.16a the clerk of the court shall send a copy of this order to the Michigan State Police Central Records Division to
create a criminal history record

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay,
deliver defendant to the Michigan Department of Corrections at a place designated by the department.

     (SEAL)

                               Deputy court clerk

MCL 765.15(2); MSA 28.902(2); MCL 769.16a; MSA 28.1086(1); MCL 775.22; MSA 28.1259; MCL 780 766; MSA 28.1287(766). CC
219b (7/96) JUDGMENT OF SENTENCE, COMMITMENT TO CORRECTIONS DEPARTMENT             MCR 6 427(A)

# Document 1d

**Michigan Department of Corrections**      **Parole Board Notice of Decision**

Case 1:05-cv-00131-MBC-SPB    Document 6-3    Filed 07/01/2005

Page 1 of 2

CFJ-279

| Name:<br>PETTEY RYAN JAY | Number:<br>B246691 | Location:<br>YGR | Mailed:<br>~~05/08/2005~~ |
|---|---|---|---|

**The Michigan Parole Board,**    having attained jurisdiction over the sentence of the

above prisoner, having considered the facts and circumstances including the prisoner's mental and social attitude, and having exercised the discretion granted by the Legislature, says as follows:

[X]  Reasonable assurance exists that the prisoner will not become a menace to society or to the public safety and  therefore investigation and appraisal of the proposed placement preliminarily acts as follows:

| DECISION DATE:<br>05/29/2001 | ACTION:<br>Parole | TERM OF PAROLE:<br>24 Months | PROJECTED PAROLE DATE:<br>09/20/2001 |
|---|---|---|---|

61                                                                                          RED

61

**Regarding 30-day notice:**
    Inmate agreed with receiving 30 days notice

**SPECIAL CONDITIONS IMPOSED IN ADDITION TO STANDARD RULES:**

2 0    You must not use or possess alcoholic beverages or other intoxicants.  You must not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site, unless the field agent has first given you written permission.

3.4    You must complete the following program:

7 1    You must pay the cost of your treatment program according to your ability as determined by the treatment program

**REASONS IN SUPPORT OF PAROLE BOARD ACTION:**

**Crime & Criminal Behavior**

    The present offense is non-assaultive

1

    The present offense is not sexually motivated

**Michigan Department of Corrections    Parole Board Notice of Decision**

CFJ-279

| Name: PETTEY RYAN JAY | Number: B246691 | Location: YGR | Mailed: ~~06/00/2005~~ |
|---|---|---|---|

## Correctional Adjustment

While incarcerated. the prisoner showed the ability to follow rules and refrain from negative conduct

**The prisoner's prior post conviction corrections history includes:**
Successful completion of past paroles

## Program Involvement

No identified need of psychological or psychiatric programming

**Educational programming was recommended and:**
Prisoner is high school graduate or has GED

**Through involvement in community programs, the prisoner has:**
Met criteria for community placement

## Personal History

**The placement plan submitted by the offender in the PER:**
Proposed placement acceptable; pending MDOC approval
Shows suitable arrangements for work

"Misconduct, security reclassification or other adverse information may result in suspension of this parole action"

Miguel Berrios 5/24/2001

Stephen Marschke 5/29/2001

# Document 1e

**Michigan Department of Corrections**          **Parole Board Notice of Decision**          Page 1 of 1

CFJ-279

| Name: | Number: | Location: | Mailed: |
|-------|---------|-----------|---------|
| PETTEY RYAN JAY | B246691 | YGR | ~~09/06/2005~~ |

**The Michigan Parole Board,**   having attained jurisdiction over the sentence of the above prisoner, having considered the facts and circumstances including the prisoner's mental and social attitude, and having exercised the discretion granted by the legislature. says as follows:

[X] The Parole Board  lacks  reasonable assurance that the prisoner will not become a menace to society or to the public safety and denial of parole is warranted with action as follows:

| DECISION DATE: | ACTION: | TERM OF DENIAL: | RECONSIDERATION DATE: |
|----------------|---------|-----------------|------------------------|
| 10/04/2001 | Continue | 12 Months | 09/25/2002 |

20

**REASONS IN SUPPORT OF PAROLE BOARD ACTION:**

  **Summary:**

**RECOMMENDATIONS FOR CORRECTIVE ACTION WHICH MAY FACILITATE RELEASE:**

Demonstrate responsible behavior by earning positive work reports

Demonstrate responsible behavior by earning positive reports in any programs you may be involved in

Demonstrate responsible behavior by avoiding situations which result in misconduct citations

Demonstrate responsible behavior by earning good block or staff reports of conduct in the housing unit

Enter into or continually involve yourself in substance abuse programming

Provide additional demonstration of positive prison behavior during the period of the continuance

### *COMPLETION DOES NOT GUARANTEE A POSITIVE ACTION*

| | |
|---|---|
| *Miguel Berrios* | *Stephen H. Marschke* |
| Miguel Berrios  10/1/2001 | Stephen Marschke  10/4/2001 |

# Document 1f

**Michigan Department of Corrections**          **Parole Board Notice of Decision**          Page 1 of 2

CFJ-279

| Name:<br>PETTEY RYAN JAY | Number:<br>B246691 | Location:<br>RGC | Mailed:<br>~~06/00/0005~~ |
|---|---|---|---|

**The Michigan Parole Board,** having attained jurisdiction over the sentence of the above prisoner, having considered the facts and circumstances including the prisoner's mental and social attitude, and having exercised the discretion granted by the legislature, says as follows:

[X] The Parole Board lacks reasonable assurance that the prisoner will not become a menace to society or to the public safety and denial of parole is warranted with action as follows:

| DECISION DATE:<br>09/20/2002 | ACTION:<br>Continue | TERM OF DENIAL:<br>12 Months | RECONSIDERATION DATE:<br>09/26/2003 |
|---|---|---|---|

29

**Regarding 30-day notice:**
Inmate waived the 30 days notice

___

**REASONS IN SUPPORT OF PAROLE BOARD ACTION:**

<u>Crime & Criminal Behavior</u>
**The drug law violation:**
Involved drugs for profit

**The prisoner has a criminal history:**
Involving similar behavior to current offense
Of violent misdemeanors
Includes drug/alcohol related crimes
Of established criminal behavior
Of felony assaultive crime(s)

<u>Correctional Adjustment</u>
**The prisoner's prior post conviction corrections history includes:**
A history of probation failure
Commission of crime while under supervision

<u>Personal History</u>
**The prisoner has a history of substance abuse which:**
Is of long standing duration
Is of a polysubstance nature

**Michigan Department of Corrections**          **Parole Board Notice of Decision**

| Name: | Number: | Location: | Mailed: |
|---|---|---|---|
| PETTEY RYAN JAY | B246691 | RGC | 06/06/2005 |

<u>Personal History</u>

**The prisoner's social history indicates:**

Unstable employment history

---

**RECOMMENDATIONS FOR CORRECTIVE ACTION WHICH MAY FACILITATE RELEASE:**

Provide additional demonstration of positive prison behavior during the period of the continuance

### *COMPLETION DOES NOT GUARANTEE A POSITIVE ACTION*

---

William Reed  9/16/2002

Marianne Samper  9/20/2002

# Document 1g

**Michigan Department of Corrections**  Case 1:05-cv-00131-MBC-SPB  Document 6-3  Filed 07/01/2005  Page 24 of 39 **Parole Board Notice of Decision** Page 1 of 2

CFJ-279

| Name: | Number: | Location: | Mailed: |
|---|---|---|---|
| PETTEY RYAN JAY | B246691 | RCF | 06/06/2005 |

**The Michigan Parole Board,** having attained jurisdiction over the sentence of the above prisoner, having considered the facts and circumstances including the prisoner's mental and social attitude. and having exercised the discretion granted by the legislature. says as follows:

☒ The Parole Board lacks reasonable assurance that the prisoner will not become a menace to society or to the public safety and denial of parole is warranted with action as follows:

| DECISION DATE: | ACTION: | TERM OF DENIAL: | RECONSIDERATION DATE: |
|---|---|---|---|
| 08/12/2003 | Continue | 12 Months | 09/25/2004 |

29

**Regarding 30-day notice:**
   Inmate agreed with receiving 30 days notice

---

**REASONS IN SUPPORT OF PAROLE BOARD ACTION:**

**Crime & Criminal Behavior**
   **The prisoner has a criminal history:**
   Includes drug/alcohol related crimes
   Of established criminal behavior
   Of felony assaultive crime(s)
   Involving similar behavior to current offense
   Of violent misdemeanors

**Correctional Adjustment**
   **The behavior reflected in the misconducts:**
   Shows that prisoner has received misconduct(s) since coming to MDOC or since last PBI

   **The prisoner's prior post conviction corrections history includes:**
   A history of probation failure
   Commission of crime while under supervision

**Personal History**
   **The prisoner has a history of substance abuse which:**
   Is of long standing duration
   Is of a polysubstance nature

**Michigan Department of Corrections**   **Parole Board Notice of Decision**

Page 2 of 2

CFJ-279

| Name: | Number: | Location: | Mailed: |
|-------|---------|-----------|---------|
| PETTEY RYAN JAY | B246691 | RCF | 06/06/2005 |

<u>Personal History</u>

**The prisoner's social history indicates:**
Unstable social or family history

**RECOMMENDATIONS FOR CORRECTIVE ACTION WHICH MAY FACILITATE RELEASE:**

Develop a positive work record

Enter into or continually involve yourself in substance abuse programming

Provide additional demonstration of positive prison behavior during the period of the continuance

### *COMPLETION DOES NOT GUARANTEE A POSITIVE ACTION*

James Bartholomew  7/30/2003

Miguel Berrios  8/12/2003

# Document 1h

CB–662 **PAGE 01**
4835-1119
(10/94) CAX-119A

MICHIGAN DEPARTMENT OF CORRECTIONS
**PAROLE BOARD NOTICE OF PAROLE**

The Parole Board hereby orders the parole of the person named below in accordance with the particulars appearing on the face of this certificate and the conditions stated on the Parole Board Order for Parole.

| NAME | | | NUMBER | INST | PAROLE DATE | TERM | | EXPIRATION DATE |
|------|---|---|--------|------|-------------|------|---|-----------------|
| PETTEY RYAN JAY | | | B 246691 | RCF | 03/05/2004 | 18M | D | 09/05/2005 |

| RESIDE WITH | US MARSHAL | 110 MICHIGAN AVENUE NW |
|---|---|---|
| | GRAND RAPIDS | PH. 456-2958 |

| REPORT TO | BRANDON VALENTINE | PGR 3505 | OFFICE (616) | HOME (616) |
|---|---|---|---|---|
| | 350 OTTAWA AVE. NW – SUITE 2D GRAND RAPIDS 49503 | | 356-0450 | 361-2455 |

| SOCIAL SECURITY NUMBER | DATE OF BIRTH | FBI NUMBER | SID NUMBER | SEX | RACE | HEIGHT | WEIGHT |
|---|---|---|---|---|---|---|---|
| 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 | 04/25/69 | 951244FA1 | 1391094T | M | W | 6' 0'' | 175 |

| HAIR | EYES | BUILD | COMPLEXION | MARKS AND SCARS |
|---|---|---|---|---|
| BRN | BRN | MED | MED | TAT ARMS,SC R LEG, L EYE |

| AGENCIES | | ND |
|---|---|---|

### RELEASE INSTRUCTIONS

YOU ARE BEING PAROLED TO THE U.S. MARSHAL. THIS ORDER FOR PAROLE IS NULL AND VOID IF NOT CALLED FOR BY THE U.S. MARSHAL. IF AND WHEN YOU ARE RELEASED BY THE U.S. MARSHAL FOR ANY REASON, YOU MUST CONTACT THE FIELD AGENT AT THE PAROLE OFFICE INDICATED ON THIS ORDER NO LATER THAN THE FIRST BUSINESS DAY FOLLOWING RELEASE.

REPORT IN PERSON TO YOUR PAROLE AGENT UPON ARRIVAL

PURSUANT TO MCL 791.236A AS AMENDED BY PUBLIC ACT 184 OF 1993, YOU MUST PAY A SUPERVISION FEE OF $ 450.00. THE FEE IS PAYABLE WHEN THE PAROLE ORDER IS ENTERED, BUT THE FEE MAY BE PAID IN MONTHLY INSTALLMENTS TO BE DETERMINED BY THE FIELD AGENT. YOU WILL NOT BE REQUIRED TO PAY A SUPERVISION FEE TO MICHIGAN WHEN YOU ARE BEING SUPERVISED IN ANOTHER STATE UNDER THE PROVISIONS OF THE INTERSTATE PROBATION AND PAROLE COMPACT, PURSUANT TO MCL 798.103.

PURSUANT TO MCL 780.905 YOU MUST PAY THECRIME VICTIMS ASSESSMENT OF $ 60.00 AS ORDERED BY THE SENTENCING COURT AS INDICATED ON THE JUDGMENT OF SENTENCE. THE CRIME VICTIMS ASSESSMENT IS PAYABLE WHEN THE PAROLE ORDER IS ENTERED, BUT MAY BE PAID IN MONTHLY INSTALLMENTS TO BE DETERMINED BY THE FIELD AGENT.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* S P E C I A L C O N D I T I O N S \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

CONTINUED ON NEW PAGE.

**MICHIGAN PAROLE BOARD**

ATTEST

DATE 02/05/04 _____

**JOHN RUBITSCHUN**

NOTE: Parole violation(s) may result in the loss of good time or disciplinary credits.

DISTRIBUTION: Blue – Central Office File; Blue – Parole Agent

MICHIGAN DEPARTMENT OF CORRECTIONS
**PAROLE BOARD NOTICE OF PAROLE**

CB-662 **PAGE 02**
4835-1119
(10/94) CAX-119A

The Parole Board hereby orders the parole of the person named below in accordance with the particulars appearing on the face of this certificate and the conditions stated on the Parole Board Order for Parole.

| NAME | | NUMBER | INST | PAROLE DATE | TERM | | EXPIRATION DATE |
|------|--|--------|------|-------------|------|--|-----------------|
| PETTEY RYAN JAY | | B 246691 | RCF | 03/05/2004 | 18M D | | 09/05/2005 |

| RESIDE WITH | US MARSHAL | | 110 MICHIGAN AVENUE NW | |
|-------------|------------|--|------------------------|--|
| | GRAND RAPIDS | | PH. 456-2958 | |

| REPORT TO | BRANDON VALENTINE | PGR 3505 | OFFICE (616) | HOME (616) |
|-----------|-------------------|----------|--------------|------------|
| 350 OTTAWA AVE. NW - SUITE 2D GRAND RAPIDS 49503 | | | 356-0450 | 361-2455 |

| SOCIAL SECURITY NUMBER | DATE OF BIRTH | FBI NUMBER | SID NUMBER | SEX | RACE | HEIGHT | WEIGHT |
|------------------------|---------------|------------|------------|-----|------|--------|--------|
| 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 | 04/25/69 | 951244FA1 | 1391094T | M | W | 6' 0'' | 175 |

| HAIR | EYES | BUILD | COMPLEXION | MARKS AND SCARS |
|------|------|-------|------------|-----------------|
| BRN | BRN | MED | MED | TAT ARMS,SC R LEG, L EYE |

| AGENCIES | | | |
|----------|--|--|--|
| | | ND | |

RELEASE INSTRUCTIONS

CONTINUED FROM PREVIOUS PAGE

2.0 YOU MUST NOT USE OR POSSESS ALCOHOLIC BEVERAGES OR OTHER INTOXICANTS. YOU MUST NOT ENTER BARS OR OTHER PLACES WHERE THE PRIMARY PURPOSE IS TO SERVE ALCOHOLIC BEVERAGES FOR DRINKING ON SITE, UNLESS THE FIELD AGENT HAS FIRST GIVEN YOU WRITTEN PERMISSION FOR YOUR EMPLOYMENT AT A SPECIFIC LOCATION.

2.3 YOU MUST NOT OWN OR POSSESS ANY PAGING DEVICE OR CELLULAR PHONE, TWO-WAY RADIO, OR OTHER SIMILAR MOBILE COMMUNICATION DEVICE.

7.1 YOU MUST PAY THE COST OF YOUR TREATMENT PROGRAM ACCORDING TO YOUR ABILITY AS DETERMINED BY THE TREATMENT PROGRAM.

THIS PERSON PARTICIPATED IN THE FIRST PHASE OF THE DEPARTMENT'S SUBSTANCE ABUSE PROGRAM AND NEEDS CONTINUING TREATMENT.

2.1 YOU MUST COMPLETE OUTPATIENT OR RESIDENTIAL SUBSTANCE ABUSE TREATMENT WHEN YOU ARE REFERRED BY THE FIELD AGENT.

4.3 YOU MUST RESIDE IN/AT DETAINER ONLY UPON YOUR RELEASE TO PAROLE.

MICHIGAN PAROLE BOARD

ATTEST

DATE 02/05/04 _____

**JOHN RUBITSCHUN**

NOTE: Parole violation(s) may result in the loss of good time or disciplinary credits.

DISTRIBUTION: Blue – Central Office File: Blue – Parole Agent

# Document 1i

```
  NERH4  540*23 *              SENTENCE MONITORING         *    05-24-2005
PAGE 001           *           COMPUTATION DATA            *    10:15:14
                               AS OF 05-24-2005

REGNO..: 10698-040 NAME: PETTEY, RYAN JAY


FBI NO...........: 951244FA1        DATE OF BIRTH: 04-25-1969
ARS1.............: MCK/A-DES
UNIT.............: B                 QUARTERS.....: B03-128L
DETAINERS........: NO                NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 02-05-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-12-2008 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

COURT OF JURISDICTION...........: MICHIGAN, WESTERN DISTRICT
DOCKET NUMBER...................: 1:01-CR-218-03
JUDGE...........................: BELL
DATE SENTENCED/PROBATION IMPOSED: 08-15-2002
DATE COMMITTED..................: 07-01-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $100.00        $00.00         $300.00      $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  541
OFF/CHG: 18:1952(A)(3) AND 2 INTERSTATE TRAVEL IN AID OF RACKETEERING

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   60 MONTHS
  TERM OF SUPERVISION............:    3 YEARS
  DATE OF OFFENSE................: 08-31-2000




G0002       MORE PAGES TO FOLLOW . . .
```

```
   NERH4  540*23 *              SENTENCE MONITORING         *      05-24-2005
PAGE 002 OF 002 *              COMPUTATION DATA             *      10:15:14
                                AS OF 05-24-2005

REGNO..: 10698-040 NAME: PETTEY, RYAN JAY


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-30-2004 AT MCK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 03-05-2004
TOTAL TERM IN EFFECT............:    60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 08-31-2000

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 235
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 07-12-2008
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 03-04-2009


PROJECTED SATISFACTION DATE.....: 07-12-2008
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Document 1j

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Petley Ryan    10698-040    BB

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** I'm asking for time to be credited towards my fedral Sentece that I spent in state custody, I know my fedral sentece was to run consecutive to my state charge. But under 18 USC 3568 A Defendant is entitled to time spent in State prison if his continued confinement was the result of fedral law enforcement officals action. Which in my case it was. I was set to be released on 9/26/01, on 9/13/01 the FBI Requested a Hold on me, on 9/25/01 the Michigan Parole board Suspended my Parole due to Information Received by the FBI. Because of the Information my state Sentece was enhanced 2½ years longer then I should of served and under 18 USC 3586 I'm entitled to get credit for time spent in state custody from 9/26/01 to 3/5/04. I would of been Released on 9/26/01 if it wasn't for the FBI Asking the State of Michigan to hold me, The documents I provided suport the facts that I was detained only because of the action by the F.B.I. So I would like to be credited with the time I spent in State custody from 9/26/01 to 3/5/04 towards my fedral sentece

10-18-04
DATE

*Ryan Petley*
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 357014

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____
DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

PETTEY, Ryan
Reg. No. 10698-040
MCK 357014-F1

## PART B - RESPONSE

This is in response to your Request for Administrative Remedy
receipted in my office on October 18, 2004, wherein you request
credit for time spent in state custody.

An investigation has been conducted and reveals on November 21,
2000, you received a state sentence of 14 months to 20 years.
While serving the state sentence, you were borrowed by federal
authorities on October 25, 2001 on charges of Interstate Travel
in Aid of Racketeering, in violation of 18 U.S.C. §§ 1952(a)(3)
and 2. On August 15, 2002, a federal sentence of 60 months was
imposed. This sentence was ordered to run consecutive to your
state sentence, and you were returned to state custody on August
22, 2002, with a detainer for the federal sentence. You did
have a parole date with the state for September 26, 2001;
however, on September 25, 2001, the Michigan Parole Board
exercised its right to reconsider the prior decision by
suspending the September 26, 2001, parole date. The federal
charges did not cause you to be held past the maximum term of 20
years, the parole board merely took into consideration the
seriousness of the crimes you were being charged with before
awarding you a parole date. You were returned to state custody
in August 2002, but did not receive a parole date until March 5,
2004. The time you are requesting was credited against your
state sentence and cannot be awarded against your federal
sentence.

Based on this information, your Request for Administrative Remedy
is denied.

In the event you are not satisfied with this response, you may
appeal within twenty (20) calendar days from the date of this
response by submitting a BP-DIR-230 to the Regional Director.

_11/9/04_
Date

James F. Sherman, Warden

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Pettry  Ryan  J    10698-040    BB    MCK
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**   I'm asking for credit for time spent in State Custody, to be credited towards my federal sentence. I was suppose to be paroled from my state sentence on 9/26/01. On 9/13/01 FBI agent Birdsong Requested the MDOC to put a hold on me for a pending Felony Investigation. (see attachment) Then on 9/25/01 The Michigan Parole Board Suspended my parole action due to information recieved from the FBI. Under 18 U.S.C. 3585 and 3586 "If Time spent in state custody, even for an unrelated offence, must be credited toward time served on a federal sentence if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one" Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir. 1971) It it wasn't for the FBI requesting a hold on me I would of been paroled on 9/26/01. The only way they could give me a 12 month continuance. As it states in my parole board reconsideration paper The parole board was notified FBI Traverse City lodged felony suspect charges for major drug ring and several murders docket unknown. Due to this information, suspend and list jab. (see attachments) Also I must point out that I was never charged for murder nor was I a suspect in one. Due to this serious allegation I was continually denied my parole. Not untill I was able to get the MDOC to remove the murder allegations from my file was I able to get parole reinstated. So by law you must credit me with the time I spent in state custody from 9/26/01 to 3/05/04.

11-17-04
DATE

Ryan Pettry
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY

CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____    _____    _____    _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

PETTEY, Ryan
Reg. No. 10698-040
Appeal No. 357014-R1
Page One

---

### PART B - RESPONSE

You appeal the decision of the Warden at FCI McKean to deny your
request for credit on your federal sentence.  You contend that
the period from September 26, 2001, through March 5, 2004, should
be credited towards your federal sentence because a federal
detainer was lodged against you with the state.

Your records reveal, on August 15, 2002, you were sentenced by
the United States District Court for the Western District of
Michigan, docket number 1:01-CR-218-03 to 60 months.  This
sentence was ordered to run consecutive to the state sentence you
were serving at the time.  You were "borrowed" from state custody
to appear in federal court.  After federal sentencing, you were
returned to state custody to complete your obligation with them.
On March 5, 2004, you were released from your state sentence via
parole, to the federal detainer to commence your federal
sentence.

Prior custody credit is governed by 18 U.S.C. § 3585(b), which
provides: "a defendant shall be given credit toward the service
of a term of imprisonment for any time he has spent in official
detention prior to the date the sentence commences, (1) as a
result of the offense for which the sentence was imposed; or (2)
as a result of any other charge for which the defendant was
arrested after the commission of the offense for which the
sentence was imposed; that has not been credited against another
sentence." The period of time for which you seek credit on your
federal sentence was awarded by the state on the state sentence.
Under § 3585(b), this period cannot be awarded to the federal
sentence.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: December 21, 2004        D. SCOTT DODRILL
                               Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Petti, Ryan J.      10698-040      BB      McK
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** I'm asking for time spent in State Custody. I was set to be realesed on parole on 9/26/01. On 9/13/01 F.BII agent BirdSong requested ahold pending a fedral Investgation (see attachment). The only way the M.D.O.C could detaine me was for the parole board to suspend my parole and give me a 12 month continous. see attechment 2. Under 18 U.S.C.3585 If tome spent in state custody even for an unrelated offence, must be credited toward time served on a federal sentence if continued state confinement was exclusively the product of such action by federal law enforcement officails as to justify treating the State jail as the practical equivalent of a fedral one see(Ballard v. Blackwell,449 fad 868,869(5th cir) As you can see with the documents I provided, that my parole was suspended because of actions by F.B.I Agent BirdSong..Also Agent BirdSong provided false information to the MICHIGAN AUTHORITEES and violated Ruke65(e)(2) of the criminal procedure to help back up the false alletation. In my reconsideration paper "it states "felony suspect charges have been lodged by FBI for major drug ring and several murders" I was never even a suspect in one murder let alone chare with several. If it wasn't for agent BirdSong conduct I would

1-11-05
DATE        Ryan Petti
                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE                    GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY        CASE NUMBER: _____

**Part C--RECEIPT**

                             CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

---

DATE             SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

                          Previously BP-DIR-11       BP-231(13)

of been realesed on 9/26/01. So therfore my state confinement was
enhanced solely by the actions of a fedral law enforement agency.
So by law you must credit me with time I spent state custody from
9/26/01 to 3/05/04

**Administrative Remedy No. 357014-A1**
**Part B - Response**


This is in response to your Central Office Administrative Remedy Appeal in which you are requesting credit for time spent in state custody be applied to your federal sentence. Specifically, you request this time from 9/26/01 through 3/05/04.

You provide no new information in this matter beyond that which you supplied in your Request for Administrative Remedy at the Institution and Regional levels. We concur with the previous findings in that the Bureau of Prisons computed your federal sentence in accordance with the applicable statutes, and in accordance with P.S. 5880.28, Sentence Computation Manual~CCCA.

Your appeal is denied.


2/17/2005
Date

Harrell Watts, Administrator
National Inmate Appeals

000007