# Document 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

RYAN JAY PETTEY,              :
       Petitioner,        :
                            :
   v.                      :     Civil Action No. 05-131 (Erie)
                            :
JAMES SHERMAN, WARDEN,   :
       Respondent.     :

## DECLARATION OF PENNY J. LUNDGREN

I, Penny J. Lundgren, make the following declaration under penalty of perjury:

1.     I am the Inmate Systems Manager for the Federal Bureau of Prisons, Federal Correctional Institution (FCI), McKean, Pennsylvania (FCI McKean). I have been employed by the Federal Bureau of Prisons since approximately July 30, 1989, and I have been employed at my present position since approximately August 16, 1998. My official duties include the overall supervision of the computation of federal sentences for federal inmates incarcerated at FCI McKean. Through my official duties, I have access to records that are maintained in the ordinary course of business at FCI McKean, and I am familiar with the Bureau of Prisons policies and procedures pertaining to the computation of federal sentences.

2.   I have reviewed the records maintained in the Judgment and Commitment (J&C) file of federal inmate Ryan Jay Petty, Register Number, 10698-040, which is maintained in the ordinary course of business at FCI McKean, including but not limited to, his federal Presentence Investigation Report (PSR), the federal Judgment and Commitment Orders issued for criminal Case Number 1:01-CR-218-03 (WDMI), and the United States Marshals Form 129, for inmate Ryan Jay Pettey;, Reg. No. 10698-040;

3.  Based on my review of inmate Pettey's J&C file, I have determined the following:

        a.    On or about August 7, 2000, Petitioner Pettey was arrested by state authorities, and held without bond pursuant to state criminal charges. PSR, p. 14, ¶ 56;

b.  On or about November 21, 2000, Petitioner was sentenced in Michigan state court to a 14 to 240 month term of imprisonment for Possession with Intent to Deliver 1-50 grams cocaine.  PSR, p. 14, ¶ 56;

c.  Inmate Pettey was scheduled to be paroled on September 26, 2001; however, his parole was suspended due to federal offense that is the basis for his current federal incarceration; PSR, p. 14, ¶ 56;

d.  On or about September 25, 2001, the Michigan Department of Corrections, Parole Board suspended Petitioner's state parole date.  The decision to suspend state parole was based upon information received from the FBI indicating that a federal investigation was pending regarding Petitioner's involvement in federal criminal activities.  Michigan Department of Corrections Parole Board Notice of Decision, dated September 25, 2001.

e.  On February 4, 2002, a Superseding Information was filed in the United States District Court for the Western District of Michigan charging Ryan Jay Pettey with Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. §§ 1952(a)(3) and 2.  The Information charged that on or about June 1997 through and including August 2000, Ryan Jay Pettey aided, abetted, and caused others to travel in interstate commerce between the Western District of Michigan and Chicago, Illinois, with the intent to promote, manage, establish, carry on, and facilitate an unlawful activity, to wit: the conspiracy to distribute and possess with intent to distribute cocaine and 100 or more kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Thereafter, he aided, abetted, and caused others to perform acts to promote, manage, establish, carry on, and facilitate and unlawful activity in that he aided abetted and caused others to travel between the Western District of Michigan and Chicago to obtain cocaine and marijuana for distribution in Grand Rapids, Michigan, and elsewhere.  PSR, p. 3, ¶ 2.

f.  On October 25, 2001, while Petitioner was serving his state sentence, he was "borrowed" by federal authorities pursuant to the federal writ of habeas corpus ad prosequendum.  United States Marshals Service Form 129, at p. 2.

g.  On May 3, 2002, Petitioner pleaded guilty to the superceding information.  PSR, at p. 3, ¶ 2.

h.  On or about August 15, 2002, Petitioner was sentenced by the United States District Court for the Western District of Michigan to a 60 month term of imprisonment for Interstate Travel in Aid of Racketeering, 18 U.S.C. §§ 1952(a)(3) and 2.  The Court directed Petitioner's federal sentence be served consecutively to the state sentence imposed under Michigan State Court Docket Number 00-08520. Federal Judgment and Commitment Order, dated August 15, 2002.

-2-

I.      On or about August 20, 2002, Petitioner's federal sentence was amended to reflect that following service of his 60 month federal sentence, Petitioner would serve a three year term of supervised release. Amended Federal Judgment and Commitment Order, dated August 20, 2002.

j.      On or about August 22, 2002, Petitioner was returned to the custody of Michigan State authorities in satisfaction of the federal writ of habeas corpus ad prosequendum. USMS form 129, at p. 2.

k.      On September 22, 2003, Petitioner was again borrowed from state authorities, this time pursuant to a federal writ of habeas corpus ad testificandum. He remained on federal writ until October 6, 2003, when he was returned to state authorities in satisfaction of the federal writ. USMS Form 129, at p. 2.

l.      On November 6, 2003, Petitioner was once more borrowed by federal authorities via federal writ of habeas corpus ad testificandum, and he remained on federal writ until November 28, 2003, when he was returned to state authorities in satisfaction of the federal writ. USMS Form 129, at p. 2.

m.      On March 5, 2004, Petitioner Pettey was paroled from his state sentence to a federal detainer. USMS Form 129, at p. 2.

4. Inmate Pettey's federal sentence was computed pursuant to the federal sentencing statute, 18 U.S.C. § 3585, which governs the computation for all federal sentences based upon offenses committed on or after November 1, 1987. Inmate Pettey's federal sentence was computed as commencing March 5, 2004, the date he was paroled by the Michigan Department of Corrections. He was not awarded any prior custody credit, because all time served in official detention prior to the commencement of his federal sentence was credited against the sentence imposed by the State of Michigan pursuant to his state criminal conviction in Michigan v. Ryan Jay Pettey, Case Number 00-08520-FH, Michigan, 17th Jud. District. Assuming he receives all Good Conduct Time available to him under 18 U.S.C. § 3624(b), his projected release date is July 12, 2008.

5. I am aware that or about October 18, 2004, Petitioner submitted a Request for Administrative Remedy, in which he challenged the computation of his prior custody credit. He argued that all time served in state prison after September 26, 2001, was due a request for a hold issued by the FBI. He

-3-

argued that the information received from the FBI, his state sentence was extended by two and one half years, and under 18 U.S.C. § 3686, he is entitled to credit against his federal sentence for this time. In a response dated November 9, 2004, the Warden of FCI McKean denied Petitioner's request. It was explained that although he had a state parole date of September 26, 2001, the Michigan Parole Board exercised its discretion to reconsider/suspend his parole date. It was explained the federal charges alone did not cause Petitioner to be held beyond his state maximum term of 20 years. In his case, the state parole board considered the seriousness of the federal criminal offenses for which Petitioner was charged.

6. Prior custody credit is governed by 18 U.S.C. § 3585(b), which prohibits the award of prior custody credit for time that has been credited against any other sentence. In this case, because the time Petitioner seeks to have credited as prior custody credit was credited against his state sentence, this time does not qualify as federal prior custody credit.   18 U.S.C. § 3585(b).

7. Prior to the November 1, 1987 effective date of the Sentencing Reform Act of 1984, federal sentence computations were governed by 18 U.S.C. § 3568. Unlike 18 U.S.C. § 3585(b), Section 3568 did not contain a provision which prohibited the Attorney General from treating time credited against other sentences as federal jail time credit.

8. Attached hereto, please find true and correct copies of the following records, which are maintained in the ordinary course of business at FCI McKean:

a.    Request for Hold/Notification, dated September 13, 2001;

b.    Parole Board Notice of Decision, dated September 25, 2001;

c.    United States Marshals Service Form 129 for inmate Ryan Jay Pettey, Reg. No. 10698-040 (names of individuals other than inmate Pettey redacted);

d.    Judgment and Commitment order, <u>United States v. Ryan Jay Pettey</u>, 1:01-CR-218-03 (WDMI), dated August 15, 2002 (Statement of Reasons redacted); and

-4-

e.      Amended Judgment and Commitment order, <u>United States v. Ryan Jay Pettey</u>, 1:01-CR-218-03 (WDMI), dated August 20, 2002 (Statement of Reasons redacted).

I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this       day of June, 2005

Penny J. Lundgren
INMATE SYSTEMS MANAGER
Federal Correctional Institution,
McKean, Pennsylvania

# Document 2a

MENT A

——————— Request for Hold/Notification ———————

A law enforcement agency holding a warrant for a MDOC prisoner shall notify the institution where the prisoner is housed of the pending charges. Prisoner number and/or location can be obtained via LEIN. If the number and/or location of a prisoner is unknown, call Central Office Records Information (517) 373-0284 from 8 A.M. - 5 P.M. Monday - Friday; After hours and on week-ends — State Prison-Southern Michigan Information Desk (517) 780-6000.

(Please print or type all applicable information.)

MDOC PRISONER NAME: _PETTEY RYAN JAY_        PRISONER NUMBER: _246691_

(AKA _____ )   SID NUMBER: ▓▓▓▓▓▓▓▓▓▓▓▓

NEXT POSSIBLE COURT ACTION/DATE: _____   DOCKET/COURT #: _____

PENDING FELONY CHARGE (ATTACH COPY OF WARRANT): _____

PENDING FELONY INVESTIGATION: ▓▓▓▓ _DRUG RING + MURDERS_

REQUESTING LAW ENFORCEMENT AGENCY: _F B I_

ORI CONTACT NUMBER: _____   COMPLAINT NUMBER: _____

STREET ADDRESS: _PO BOX  924_    PHONE #: _231- 946-7201_

City _TRAVERSE CITY_    Zip _49684_

CONTACT PERSON: _ROBERT BIRDSONG_    TITLE: _SPEC. AGENT_

Date of Notification: _9-13-01_

Written notice of a prisoner's release will be provided if time permits. If time does not permit, telephone notice with follow-up via LEIN will be provided.

Additional information may be requested by the Department.

NAME OF PERSON COMPLETING FORM: _K SPANBURG_    DATE: _9-13-01_
(Please Print)

_per TX from G. Gomery at YGR._

MDOC USE ONLY

Date Received: _9-13-01_    Received by: _K SPANBURG_

Date entered on CMIS: _9-13-01_    Entered by: _K SPANBURG_

Disposition of Charge: _____    Date: _____

# Document 2b

# Michigan Department of Corrections   Parole Board Notice of Decision

Case 1:05-cv-00131-MBC-SPB     Document 6-4     Filed 07/01/2005     Page 10 of 28

| Name: | Number: | Location: | Mailed: |
|---|---|---|---|
| PETTEY RYAN JAY | B246691 | YGR | 09/26/2001 |

The Michigan Parole Board, is exercising its right to reconsider a prior decision issued by the

Parole Board, through the following action:

| Decision Date: | Action: | Prior Action: *P61 24 9-26-01* |
|---|---|---|
| 09/25/2001 | Suspend | Parole With Interview dated: 05/29/2001 |

[X] The Parole Board is suspending the parole action pursuant to MCLA 791.236(2), to consider
information received by the Parole Board after the original parole release decision.  Following is
a summary of the new evidence that is the basis for reconsideration:

The Parole Board was notified FBI, Traverse City lodged felony suspect charges for Major Drug Ring and Several Murders,
docket unknown.  Due to this information, suspend and list.
jab

# Document 2c

DATE: 03/15/2004 TIME: 16:03 PAGE:    1

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
WESTERN MICHIGAN
DISTRICT: 40   OFFICE: GRA

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:  PETTEY, RYAN JAY
USMS NUMBER: 10698040

I. IDENTIFICATION DATA:

USMS NBR: 10698040   NAME: PETTEY, RYAN JAY

ADDRESS: 11238 SHANER   ROCKFORD, MI 49341                    PHONE: 616-866-4996

DOB: 04/25/1969  AGE: 34  POB: HASTINGS, MI        SEX: M  RACE: W  HAIR: BRO  EYE: BRO  HEIGHT: 510  WEIGHT: 180

SSN: 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  FBI NBR:        ALIEN NBR:

| OTHER NUMBER | OTHER NUMBER TYPE |
|---|---|
| MDOC: 246691 | PRISON NUMBER |
| SID: 1391094T | ST NUMBER-(SID) |
| PID: 60611 | OTHER |

*****SPECIAL HANDLING CODE:          SPECIAL HANDLING REMARKS:
    MEDICAL                          SUBJECT STATES HE IS NOT SUICIDAL
    MEDICAL                          PER NEWAYGO:NEGATIVE FOR TB 10/29/01
    MEDICAL                          POSITIVE HEPATITIS C

DETAINER/DATE  ACTIVE  AGENCY                    REMARK
11/06/2001      N    MICHIGAN DEPT OF CORRECTIONS   C.R. CORRCTIONS CENTER 616-459-3475 EX121 GALIEN

PRISONERS ALIASES:          ALIAS REMARKS:
RJ,

GENERAL REMARKS:
10/25/2001 PICKED UP ON WRIT FROM INGHAM COUNTY
JAIL (IA SCHEDULED FOR 11/01/01)-PROCESSED
11/01/01 IA B4 BRENN, DETAINED 7PK
11/05/01 IPTC COMP, DET HRG WAIVED B4 BRENN, 7PK
2/4/02 ARR B4 BRENN,                    7PK
5/3/02 PLEA B4 BELL, 7PK
05/24/02 TF TO VAN BUREN
8/9/02 TRANSFERRED FROM VANBUREN TO NEWAYGO CO.
8/19/02 SENTENCED B4 BELL - 60 MOS BOP, 3 YRS SR,
        $100 SA - REMANDED - TF 7PK
08/22/02 RETURNED TO INGHAM CO. BEING HOUSED THERE
        AS A CONTRACT FACILITY FOR MDOC
09/22/03 TF TO KENT CO FROM RIVERSIDE ON A WHCAT

09/30/03
10/06/03 DUSMS RETURNED TO RIVERSIDE CORR FACILITY
10/01/03 REC'D WRIT RELEASE FROM AUSA
10/06/03 RETURNED TO RIVERSIDE BY DUSMS (RL-WHCAT)

DATE: 03/19/2004 TIME: 16:03    PAGE:    2

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
WESTERN MICHIGAN
DISTRICT: 40    OFFICE: GRA

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:    PETTEY, RYAN JAY
USMS NUMBER: 10698040

11/06/03 TF FROM RIVERSIDE CORR FAC TO 7PK ON A

11/10/03 7

11/18/03 7

11/19/03 REC'D WRIT RELEASE FROM ASUA

11/28/03 RETURNED TO RIVERSIDE CORR FAC (RL-WHCAT)

03/05/04 PAROLED FROM RIVERSIDE - TF TO BLOCK BY
DUSMS TO BEGIN SERVING FEDERAL TIME -
REQUESTED DESIGNATION- SENT TO CCM

II. CASE INFORMATION:

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY |
|---|---|---|---|
| 1 | WT-DESIG | 101 CR 218 | GRAND RAPIDS |
| 0 | RL-WHCAT | 1:01-CR-218 | GRAND RAPIDS |
| 0 | RL-WHCAT | 1:01:CR:218 | GRAND RAPIDS |

| CTR | JUDGE NAME | US ATTORNEY NAME | DEFENSE ATTORNEY NAME |
|---|---|---|---|
| 1 | BELL, ROBERT | VERHEY, TIMOTHY | FERRER, PEDRO |

| CTR | ARREST DATE | ARRESTING AGENCY | LOCATION OF ARREST | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 10/25/2001 | FEDERAL BUREAU OF INVESTIGATION | INGHAM COUNTY JAIL | 1:01CR218 |

| CTR | OFFENSE | OFFENSE REMARK | DISPOSITION |
|---|---|---|---|
| 1 | (3533) COCAINE | | GUILTY (PLEA) |
| 1 | (3564) MARIJUANA | | GUILTY (PLEA) |

| CTR | SENTENCE DATE | SENTENCE | APPEAL DATE |
|---|---|---|---|
| 1 | 08/15/2002 | 60 MOS BOP, 3 YRS SR, $100 SA - REMANDED - TF 7PK | **/**/**** |

III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | WHCAP | 10/25/2001 | 10/25/2001 | **/**/**** | P/U FROM INGHAM COUNTY JAIL |
| 1 | RL-WHCAP | 08/22/2002 | **/**/**** | 08/22/2002 | DROPPED AT INGHAM CO W/DETAINER |
| 1 | READMIT | 03/05/2004 | 03/05/2004 | **/**/**** | PAROLED FROM RIVERSIDE |
| 1 | WT-DESIG | 03/05/2004 | **/**/**** | **/**/**** | |
| 0 | WHCAT | 09/22/2003 | 09/22/2003 | **/**/**** | |
| 0 | RL-WHCAT | 10/06/2003 | **/**/**** | 10/06/2003 | |
| 0 | WHCAT | 11/06/2003 | 11/06/2003 | **/**/**** | |
| 0 | RL-WHCAT | 11/28/2003 | **/**/**** | 11/28/2003 | |

IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| 7PK | NEWAYGO COUNTY | 10/25/2001 | 05/24/2002 | 211 | DETAINED ON WRIT |

*** LIMITED OFFICIAL USE ***

*** LIMITED OFFICIAL USE ***

DATE: 03/19/2004 TIME: 16:03 PAGE: 7

UNITED STATES MARSHALS SERVICE

PRISONER TRACKING SYSTEM

WESTERN MICHIGAN

DISTRICT: 40  OFFICE: GRA

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:  PETTEY, RYAN JAY

USMS NUMBER: 10698040

| | | | | |
|---|---|---|---|---|
| 7LW | VANBUREN COUNTY JAIL | 05/24/2002 | 08/09/2002 | 77 |
| 7PK | NEWAYGO COUNTY | 08/09/2002 | 08/22/2002 | 13 |
| 5GG | KENT CO JAIL | 09/22/2003 | 10/08/2003 | 14 |
| 7PK | NEWAYGO COUNTY | 11/06/2003 | 11/28/2003 | 22 |
| 7PK | NEWAYGO COUNTY | 03/05/2004 | **/**/**** | 14 |

TOTAL DAYS BOARDED     351

V. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| 11/08/2001 | NEWAYGO CO JAIL | RX: NAPROXEN 500MG TABLETS |
| 04/04/2002 | NEWAYGO CO JAIL | RX: AMOXICILLIN 500 MG CAPSULES |
| 05/02/2002 | NEWAYGO CO JAIL | RX: TRIPLE ANTIBIOTIC OINTMENT |

THIS INFORMATION IS THE PROPERTY OF THE U.S. MARSHALS SERVICE AND SHALL NOT
BE PUBLICLY RELEASED OR DISSEMINATED WITHOUT U.S. MARSHALS SERVICE AUTHORITY.

****** END OF REPORT ******

# Document 2d

# United States District Court

## Western District of Michigan

UNITED STATES OF AMERICA

v.

RYAN JAY PETTEY

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:01-CR-218-03

Pedro Ferrer
Defendant's Attorney

Certified as a True Copy
Ronald C. Weston, Sr., Clerk
By: _____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date: 8/15/02

THE DEFENDANT:
- ☒ pleaded guilty to a 1-Count Superseding Information.
- ☐ pleaded nolo contendere to Count(s)    which was accepted by the court.
- ☐ was found guilty on Count(s)    after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 18 U.S.C. §§ 1952(a)(3) and 2 | 8/31/00 | 1 |

Nature of Offense:

Interstate Travel in Aid of Racketeering

RECEIVED
02 AUG 16 PM 12: 21
GRAND RAPIDS, MICH.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on Count(s) .

- ☒ Superseding Indictment is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment: August 15, 2002

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: April 25, 1969
Defendant's US Marshal's No.: 10698-040

Defendant's Address:
11238 Shaner Street
Rockford, MI    49341

DATED: _____Aug 15, 2002_____

HON. ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE

Case 1:05-cv-00131-MBC-SPB    Document 6-4    Filed 07/01/2005    Page 17 of 28

AO 245B (Rev. 3/01) Sheet 2 - Imprisonment
Judgment--Page 2 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **sixty (60) months**. The sentence shall be served consecutively to the sentence of the 17th Circuit Court of Grand Rapids, Michigan, under docket number 00-08520-FH.

☐   The court makes the following recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district
    ☐   at __ a.m./p.m. on __.
    ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
    ☐   before 2 p.m. on __.
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Dec. Nov 6 28-04

Defendant delivered on 7 1 04 to _____ FCI MCK _____, with a certified copy of this judgment.
Pa

_____
United States Marshal

By_____
Deputy United States Marshal

AO 245B (Rev. 3/01) Sheet 3 - Supervised Release

Judgment--Page 3 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenders qualifying for collection of a DNA sample pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000:*

    ☐    The defendant shall cooperate in the collection of DNA as directed by their probation officer.

*For offenses committed on or after September 13, 1994:*

        The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests within 60 days.

    ☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

*For offenders convicted of a domestic violence crime defined in 18 U.S.C. § 3561(b):*

    ☐    The defendant shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50 mile radius of the legal residence of the defendant.

*For offenders described in 18 U.S.C. § 4042(c)(4) who committed offenses after November 26, 1998:*

    ☐    The defendant shall report the address where they will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in the state where the defendant resides, is employed, carries on a vocation, or is a student.

    ☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

        If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

        The defendant shall comply with the standard conditions that have been adopted by this court and shall also comply with the special conditions of supervision set forth on the attached page(s).

AO 245B (Rev. 3/01) Sheet 3 cont'd - Supervised Release - Standard Conditions of Supervision

Judgment--Page 4 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## STANDARD CONDITIONS OF SUPERVISION

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least fifteen days prior to any change in residence or employment;
7.  the defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.
2.  The defendant shall refrain from all use of alcoholic beverages.
3.  The defendant must maintain legitimate, verifiable full-time employment, as approved by the probation officer, or must be actively searching for employment.
4.  The defendant shall not associate with anyone using, possessing, or having been convicted of possessing controlled substances, nor with any ex-felons, without first obtaining the permission of the probation officer.

Case 1:05-cv-00131-MBC-SPB    Document 6-4    Filed 07/01/2005    Page 20 of 28

AO 245B (Rev. 3/01) Sheet 5, Part A - Criminal Monetary Penalties

Judgment--Page 5 of 6

Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $100.00 | $300.00 | $ |

☐   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | $ | $ | |
| TOTALS | $ | $ | |

☐   If applicable, restitution amount ordered pursuant to plea agreement $_____

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒      the interest requirement is waived for the ☒ fine and/or ☐ restitution.

☐      the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 3/01) Sheet 6, Part B - Criminal Monetary Penalties
Judgment--Page 6 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☒   Lump sum payment of $ _$100.00_____ due immediately, balance due

        ☒   not later than the term of defendant's supervised release, at a rate of $10.00 per month, or
        ☐   in accordance with ☐ C, ☐ D, or ☐ E below; or

B   ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Special instructions regarding the payment of criminal monetary penalties:



Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:


☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# Document 2e

# United States District Court

## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| v. | |
| RYAN JAY PETTEY | |

Case Number: 1:01-CR-218-03

Pedro Ferrer
Defendant's Attorney

Date of Original Judgment: __August 15, 2002__

THE DEFENDANT:
- ☒ pleaded guilty to a 1-Count Superseding Information.
- ☐ pleaded nolo contendere to Count(s)    which was accepted by the court.
- ☐ was found guilty on Count(s)    after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 18 U.S.C. §§ 1952(a)(3) and 2 | 8/31/00 | 1 |

Certified as a True Copy
Ronald C. Weston, Sr., Clerk
By _____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 8/4/04

Nature of Offense:

Interstate Travel in Aid of Racketeering

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on Count(s)  .

- ☒ Superseding Indictment is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

7-30-04  616-456-2021
Verified with Mom. Clerk
to Judge Bell. Added Superseding
M. H. , LIE

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: April 25, 1969
Defendant's US Marshal's No.: 10698-040

Defendant's Address:
11238 Shaner Street
Rockford, MI   49341

DATED: __Sept 30, 2002__

HON. ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE

139

Judgment--Page 2 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty (60) months. The sentence shall be served consecutively to the sentence of the 17th Circuit Court of Grand Rapids, Michigan, under docket number 00-08520-FH.

☐   The court makes the following recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district
   ☐ at __ a.m./p.m. on __.
   ☐ as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
   ☐ before 2 p.m. on __.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on 7/1/04 to ___FCI McKean___

___Bradfd, PA___, with a certified copy of this judgment.

James F. Chen Wood
United States Marshal

By_____, C/S

. Deputy United States Marshal

AO 245B (Rev. 3/01) Sheet 3 - Supervised Release

Judgment--Page 3 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years.** **

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenders qualifying for collection of a DNA sample pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000:*

☐    The defendant shall cooperate in the collection of DNA as directed by their probation officer.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests within 60 days.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

*For offenders convicted of a domestic violence crime defined in 18 U.S.C. § 3561(b):*

☐    The defendant shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50 mile radius of the legal residence of the defendant.

*For offenders described in 18 U.S.C. § 4042(c)(4) who committed offenses after November 26, 1998:*

☐    The defendant shall report the address where they will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in the state where the defendant resides, is employed, carries on a vocation, or is a student.

☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court and shall also comply with the special conditions of supervision set forth on the attached page(s).

Judgment—Page 4 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least fifteen days prior to any change in residence or employment;
7. the defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.
2. The defendant shall refrain from all use of alcoholic beverages.
3. The defendant must maintain legitimate, verifiable full-time employment, as approved by the probation officer, or must be actively searching for employment.
4. The defendant shall not associate with anyone using, possessing, or having been convicted of possessing controlled substances, nor with any ex-felons, without first obtaining the permission of the probation officer.

Judgment--Page 5 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $100.00 | $300.00 | $ |

☐   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | $ | $ | |
| TOTALS | $ | $ | |

☐   If applicable, restitution amount ordered pursuant to plea agreement $_____

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☒    the interest requirement is waived for the ☒ fine and/or ☐ restitution.

   ☐    the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245S (Rev. 3/01) Sheet 6, Part B - Criminal Monetary ...
Judgment—Page 6 of 6
Defendant: RYAN JAY PETTEY
Case Number: 1:01-CR-218-03

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒   Lump sum payment of $ _$100.00_____ due immediately, balance due

        ☒   not later than <u>the term of defendant's supervised release, at a rate of $10.00 per month</u>, or

        ☐   in accordance with ☐ C, ☐ D, or ☐ E below; or

**B** ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

**C** ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.