IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN JAY PETTEY, )
    PETITINER )
 )
V.S. ) CASE NO: 05-131 E
 )
JAMES SHERMAN, )
    RESPONDENT )

<u>PETITIONER'S TRAVERSE BRIEF REPLYING TO THE
GOVERNMENTS RESPONSE TO THE PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241</u>

<u>FACTS</u>

On November 21, 2000 Petitioner was sentenced to 14 months to 240 months in prison. On May 29, 2001 the Michigan parole board granted Petitioner parole for 9/26/01.

On 9/13/01 while Petitioner was at a state halfway house, Special Agent of the F.B.I. requested a hold be placed on Petitioner pending investigation into federal drug and murder charges. Petitioner was arrested by Agent Birdsong on 9/13/01 and lodged in Kent County jail on a parole violation.

On 10/01/01 Petitioner had another parole hearing and was given a 12 month continuance which was finalized on 10/04/01.

On October 25, 2001 Petitioner was taken in to custody by the U.S. Marshals pursuant to federal writ of habeas corpus ad prosequendum. On November 1, 2001 was brought before the Western District of Michigan District Court to have his charges read to him.

On May 3, 2002 Petitioner pleaded guilty and On August 1, 2002 Petitioner was sentenced by United States District Court for the Western District of Michigan to a 60 month term of imprisonment to run consecutive to his state sentence.

On August 22, 2002 Petitioner was returned to the State of Mochigan department of Corrections. On 9/13/01 Petitioner was given another parole hearing and was given another 12 month continuance. then on August 12, 2003 was again given 12 month continuance.

Sometime in January of 2003 the Michigan Parole board was ordered by the M.D.O.C. to give Petitioner a rehearing for his parole, Because there was false information in his file and because of that information Petitioner was to high of a risk to parole. At that hearing the Michigan Parole regranted Petitioner's parole for March 5, 2004.

On October 18, 2004 Petitioner started his administrative remedy and on February 17, 2005 he exhausted his administrative remedy for prior credit.

ARGUMENT

Petitioner is entitled to credit for time spent in state prison.

In Rosemend v. Menifee, 137 F. Supp. 2d 270 (S.D.N.Y. 2000) the Court granted petitioner's petition for time served in state prison, for the same reasons Petitioner claims he is entitled to the credit.

Rosemend and Petitioner's case are almost mirror images of each other. In Rosemond the federal authorities transferred him to appear before a federal court two days prior to his parole date, thus preventing him from being released.

In Petitioner's case federal authorites requested a hold be placed on Petitioner pending investigation into a drug ring and several murders two weeks prior to his parole date, thus preventing him from being released.

On 9/13/01 Petitioner was taken into custody from the halfway house and held at the Kent County jail on a parole hold. The only way the state could hold petitioner past his parole date on 9/26/01 was to suspend his parole and give him a 12 month continuance.

The Government states that they only notified the M.D.O.C. that they were investigating Petitioner for federal crimes and that Petitioner shows no evidence to support his claim. When all the evidence clearly supports that the F.B.I. requested a hold.

Furthermore as a document from Petitioner's states institution file shows a detainer was placed 9/13/01 on Petitioner. (See Appendix A)

Also District Judge Robert Bell points out in his opinion denying Petitioner's 28 U.S.C. 2255 on page 8 "As evidenced by the records submitted by Petitioner, Agent Birdsong contacted the M.D.O.C. to place a hold on Petitioner pending the F.B.I.'s investigation of a drug ring and murders", then on page 9 "Moreover, it appears that the purpose of the disclosure was to hold Petitioner pending an investigation into federal drug and murder charges.

Though Petitioner does not agree with the courts opinion, that, Agent Birdsong had the right to disclose matters accuring before the grand jury or that he did not make any false statements. We do agree that the F.B.I. asked the state to hold Petitioner pending a federal investigation.

The Government argues that there is no evidence to support Petitioner's argument that, but for the interference of federal authorities, he would have been paroled by the state at an earlier point in time. When a law enforcement agency asks for a hold to be placed on a person pending investigation?/ I do believe they do not want that person being released untill that investigation is completed.

The government has not provided any evidence that, if it wasn't for the interference of the federal authorities, Petitioner would not have been released on his original parole date.

In <u>Rosemond</u> federal Authorities lengthened his states sentence by the action of federal writ of habeas corpus ad prosequendum. In Petitioner's case

his states sentence was lengthened by the request for a hold to be placed on Petitioner by the federal authorities.

As in Rosemond the same context should be applied to petitioner's case. Petitioner's state sentence was lengthened exclusively by the actions of the federal authorities.

Petitioner was at a halfway house since April 2001. The Michigan Parole board knew Petitioner was a drug dealer and admitted to being one at his hearing. Parole board still granted him parole. So why would they suspend Petitioner's parole for a drug crime that was committed before his state charge? The only obvious reason is the F.B.I. requested a hold on Petitioner pending investigation for drugs and several murders. The F.B.I. never notified Petitioner that they requested a hold. Petitioner did not find out about it untill June 2003 when his family F.O.I.A. his institution file.

One of the argument in the governments response is because Petitioner wasn't released from State prison, when he was returned from the federal writ. So that makes Rosemond's case distinguishable from Petitioner's case. Because Rosemond was released two days later after he was returned to state custody.

If it wasn't for the federal authorities missleading the M.D.O.C. as to the nature of the federal crime's that Petitioner was being investigated for, he would of been released when he was returned to State prison.

Petition was never under investigation for several murders nor ever a suspect in the one. So what right do federal authorities have in telling the M.D.O.C. official that he is being investigated for several murders.

I would also point out to the Court that, the government never denies that the murder allegations were, the reasons Petitioner was repeatedly denied parole.

The government knows why Petitioner was given a new parole hearing by the M.D.O.C. so for them to say that the federal authorities had, nothing to do with Petitioner's parole being suspended or him repeatedly being denied parole is absurd.

## ARGUMENT II

The government argues that Petitioner is not allowed credit because it has allready been credited towards Petitioner's State semtemce.

The cases the government cited not even closely resemble Petitioner's case <u>United States v. Wilson</u>, 503 U.S. 329, 1992, <u>Rios v. Wiley</u>, 201 F.3d 257 (3rd Cir. 2001) <u>Tisdale v. Meniffe</u>, 166 F.Supp. 2d 780 (S.D.N.Y.) In none of those cases were the defendants about to be released from State prison and would have been released from state proson of it wasn't for the action of the federal authorities.

In <u>Rosemond v. Menifee</u>, 137 Supp. 2d 270 (S.D.N.Y. 2000) the court cited that fundemental fairness and to avoid a misscarriage of justice that Petitioner should be awarded credit for time served in State prison towards his federal sentence. Because he would of not been still serving his state sentence if it wasn't for the actions of the federal authorities.

As all the evidence clearly shows Petitioner would have been released from State prison if it wasn't for the federal authorities action. The federal authorities actually enhanced Petitioners federal sentence by their actions.

## ARGUMENT III

Argument II in Petitioners petition wasn't to challenge the legality of the decision by the Michigan Parole board to suspend Petitioner's parole. It was to challenge the legality of the actions taken by the federal authorities.

One must question the integrity of the federal authorities, when they

use grandjury testimony they know is untrue, to help support the fact they are investigating him for a crime. That he was never being investigated for.

Furthermore the federal authorities never dislosed to Petitioner nor anybody else that they asked the State to hold Petitioner pending investigation into drugs and murder charges.

Petitioner has exhausted all of his B.O.P. administrative remedy process. In Petitioner'd BP. 10 I specifically state "Due to this serious allegation I was continually denied my parole. Not untill I was able to get the M.D.O.C. to remove the murder allegation from my file was I able to get parole reinstated." The argument still comes down to would Petitioner still have been serving his state sentence if it wasn't for the action of the federal authorities.

Furthermore the only remedy Petitioner could recieve from the Michigan Court. is the same as the M.D.O.C. provided. A new parole hearing without useing the allegation of murder.

Petitioner's petition should be granted, he has shown that he would not have been still serving his state sentence if it wasn't for the actions of the federal Authorities.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should grant Petitioner's petition for habeas corpus relief.

Respectfully submitted,

*Ryan Pettey* 7-26-05
Ryan Jay Pettey

| Michigan Department of Corrections | CFJ-167 |
|---|---|
| **REFERRAL: PAROLE ACTION ORDERED** | 12/00 |

| TO: | ☐ CRP | ☐ PRU | ☒ PBD | ☐ CFA | Date |
|---|---|---|---|---|---|
| FROM: | ☒ CRP | ☐ PRU | ☐ PBD | ☐ CFA | 9/13/01 |

| Referred By | Institution |
|---|---|
| KES | VGR |

| Number | Prisoner's Name |
|---|---|
| 246691 | PETTEY |

| Record # | Detainer Type (PC/FS/OD) | Date Added | Date Revoked |
|---|---|---|---|
| 1 | FS — FBI | 9/13/51 | |

| Record # & Location | Misconduct Code & Charge Name | Misconduct Date | Hearing Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| Ordered Parole Date | Date on Parole Certificate | Parole Term |
|---|---|---|
| | 9/26/01 | 24 MOS |

| New Minimum Date | New Maximum Date |
|---|---|
| | |

**Additional Comments**

Prisoner is a suspect in a major drug ring which has committed several murders.

**Parole Board Action**

☐ Let Action Stand (LAS)    ☐ Suspend    ☐ LAS with New Date (Requires Two Signatures)

Delete Special Condition

Add Special Condition

**Additional Comments**

6-1-01  Pb1  2y  9-22-01

| Date | Board Members Signature(s) |
|---|---|
| | |
| | |

DISTRIBUTION: Central Office File, Institution File

mail

7/13 f = Ro/DL

## C. Constructive Fraud

Petitioner's final argument is that FBI Agent BirdSong told the Michigan authorities that Defendant was a murderer and was going to be indicted by the federal government. Petitioner contends that as a result of these false statements he has been denied parole and moved to a higher security classification. Petitioner requests this Court to resentence him so that his sentence runs concurrently with his state sentence, to hold Agent BirdSong in contempt, and to sanction him for violating grand jury secrecy.

Petitioner's constructive fraud claim against Agent BirdSong is not properly before this Court. Section 2255 is a vehicle for challenging a federal sentence and the relief available under § 2255 is limited to vacating, setting aside, or correcting the sentence. 28 U.S.C. § 2255. Petitioner's constructive fraud claim does not challenge the validity of his federal sentence. This Court will not vacate a valid sentence in response to the actions of the Michigan Parole Board and/or an FBI agent. The other forms of relief Petitioner seeks – contempt and sanctions – are not available under § 2255.

Although it is not necessary for the Court to address the issue, the Court feels constrained to point out that Petitioner has not shown that Agent BirdSong provided any false information to the Michigan authorities. As evidenced by the records submitted by Petitioner, Agent BirdSong contacted the MDOC to place a hold on Petitioner pending the FBI's investigation of a drug ring and murders. (Docket # 3 at 27). An MDOC Case Report dated September 18, 2001, reflects the substance of the information Agent BirdSong provided the MDOC:

> On 9/13/01, Agent Birdsong spoke with manager, Glenn Gomery. Birdsong stated that a Grand Jury witness testified that Pettey is the person that committed the murder. Agent Birdsong does not believe that Pettey did the killing, but does intend to pursue Federal Drug Charges against Pettey for crimes committed before his present incarceration, which began 8/07/00.

(Docket # 3 at 29). There is no evidence to support Petitioner's contention that Agent BirdSong made any false statements. Moreover, it appears that the purpose of the disclosure was to hold Petitioner pending an investigation into federal drug and murder charges. The disclosure of grand-jury matters for law enforcement purposes falls within an exception to the general rule of grand jury secrecy. FED. R. CRIM. P. 6(e)(3)A)(ii). Petitioner's assertion that the federal agent acted for the purpose of prejudicing Petitioner with the Michigan Parole Board is wholly unsubstantiated. In fact, Assistant United States Attorney VerHey wrote a letter dated January 3, 2003, to Petitioner's attorney clarifying the nature of the federal case against Petitioner. "It should be understood by everyone concerned that while Mr. Pettey has been prosecuted for being a significant drug supplier to the Ostrander organization, we have not developed any information that Pettey was involved in, or even knew about, the homicide or its planning." (Docket # 3 at 38).

## IV.

The files and records in this case conclusively show that Petitioner is not entitled to relief under § 2255, and accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date: _____August 7, 2004_____          /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that the foregoing Traverse brief replying to the governments response is true and correct to the best of my knowledge and abilities under penalties perjury. That same has been sent Postage prepaid to all parties of record on this the ___26___ day of July, 2005 from the United States Postal Service box located at F.C.I. Mckean.

                                                  Respectfully submitted,

                                                  *Ryan Pettey*   7-26-05
                                                  Ryan Jay Pettey #
                                                  F.C.I. Mckean
                                                  P.O. Box 8000
                                                  Bradford, PA 16701

cc:   Clerk of Courts
       Government
       File