IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN JAY PETTEY,                )
                                )
        Petitioner,              )
                                )
        v.                       )       Civil Action No. 05-131E
                                )       JUDGE SEAN McLAUGHLIN
JAMES SHERMAN,                   )
                                )
        Respondent.              )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied, and that the motion to compel the filing of a report and recommendation (Docket #10) be denied as moot.

**II.   REPORT**

This is a petition filed pursuant to 28 U.S.C. §2241 by Ryan Pettey who is a federal prisoner serving a sentence of 5 years for Interstate Travel in Aid of Racketeering. The sentence was imposed in 2002 by the United States District Court for the Western District of Michigan.

Pettey asserts that the Bureau of Prisons refuses to give him credit for time served against his current sentence. He has filed a motion to compel the undersigned to issue a report and recommendation in this matter (Docket #10) because he believes that he should already have been released from custody. A response has been filed to the petition (Docket #6), and petitioner filed a traverse (Docket #8). The petition is ripe for disposition.

   **A.   Procedural history.**

The instant petition raises questions concerning what credit, if any, Pettey should be given for time he spent in state custody prior to March 5, 2004, when he was officially paroled from

state custody to a federal detainer. Pettey has been given credit against his federal sentence for all time since March 5, 2004, but he argues that he is entitled to credit since September 26, 2001, which is when Pettey would have been granted released on state parole if federal charges had not been filed.

Pettey's state incarceration began in November 21, 2000 when he was sentenced in Michigan state court to 14 to 240 months incarceration for Possession with Intent to Deliver. He was notified in May, 2001, that he was eligible for release on state parole effective September 26, 2001. Petitioner was at a halfway house placement on September 13, 2001 when federal authorities requested that a hold be placed on Pettey's parole (Docket #6, Declaration of Penny Lundgren). Michigan authorities suspended Pettey's parole date and, when federal charges were filed in early October, 2001, officially denied Pettey parole on October 4, 2001 (Id.). The Michigan Parole Board denied parole on the basis of the conduct which formed the basis of the federal charges, and on the basis that it could not be assured that Pettey would not become a menace to society or to the public safety. (Id.)

Pettey was then "loaned" from the state to the federal courts pursuant to a writ of habeas corpus ad prosequendum from October 25, 2001, through August 22, 2002. During this time period, Pettey entered a not guilty plea to the pending federal charges, changed his mind and pled guilty on May 3, 2002, and was sentenced on August 15, 2002, to 60 months incarceration, consecutive to any state sentence then outstanding (Id.). Pettey was returned to the state authorities on August 22, 2002, and parole was again denied by state authorities in September, 2002 (Id., Declaration of Joyce Horakawa).

Pettey was again borrowed from state authorities from September 22 through October 6, 2003 and again from November 6 through November 28, 2003 (Id., Declaration of Penny Lundgren). He was denied state parole on August 13, 2003, and was ultimately released from state custody and delivered to federal authorities on March 5, 2004 (Id., Horakawa Declaration).

Pettey now asserts that he would have been released from state custody in 2001 had the federal charges not been filed. Hence, he asserts, he is entitled to credit for time served for all times spent in custody since his arrest on the federal charges.

- 2 -

**B.    Applicable legal standard.**

A petition pursuant to §2241 is the proper method for challenging the actions of the United States Parole Commission. See, e.g., U.S. v. Kennedy, 851 F.2d 689, 691 & n. 4 (3d Cir.1988) (challenge to parole commission's execution of federal sentence properly challenged under Section 2241). However, the standard of review of the Parole Commission's determination is "extremely deferential." Furnari v. Warden, Allenwood Federal Correctional Institution, 218 F.3d 250 (3d Cir.2000). The court must affirm the Parole Commission's decision so long as 'there is a rational basis in the record for the [Parole Commission's] conclusions embodied in its statement of reasons.' Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976)).

**C.    Analysis.**

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters. First, the court must establish when the federal sentence commences; and second, the court must determine the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. Chambers v. Holland, 920 F.Supp.618, 621 (E.D.Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996). This is so since the applicable statute applies different standards to time served after a federal sentence commences, and time served prior to that time. 18 U.S.C. §3585.

The first inquiry, concerning the commencement of the federal sentence, is governed by 18 U.S.C. § 3585(a):

> **(a) Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Here, the federal sentence "commenced" when Pettey was delivered to federal custody in March, 2004. He has been credited for all time served after this date. Thus, §3585(a) is not at issue here.

Pettey's argument centers on his claim that he is entitled to pre-sentence credit. While the BOP has given him credit for time served from the date he was released to federal custody, March 5, 2004, Pettey argues that he is entitled to credit against his federal sentence for

- 3 -

all time spent in custody from the date of his initial arrest by federal authorities. Again, the provisions of 18 U.S.C. §3585 govern, this time §3585(b):

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added). Here, the Government has presented uncontradicted evidence that Pettey has received credit against his state sentence for all time spent in custody from the date of his arrest on federal charges until March 5, 2004. Therefore, pursuant to the express terms of §3585, Pettey is not entitled to credit against his federal sentence for this period since he has already been given credit against another sentence.

Pettey nonetheless asserts that this court can ignore §3585(b), and argues that his case should be governed by Rosemond v. Menifee, 137 F.Supp.2d 270 (S.D.N.Y. 2000). In Rosemond, the petitioner was ready to be released on state parole when a federal writ of habeas corpus ad prosquendum was filed which prevented his release. Rosemond spent close to three months being "borrowed" by federal authorities, and then was returned to the state before the federal charges were concluded. The state authorities released Rosemond within two days of the expiration of the federal writ, and Rosemond was not sentenced in federal court until some time later. Rosemond sought credit against his federal sentence for the 87 days he spent in custody under the federal writ of habeas corpus ad prosequendum, but credit was denied by the Bureau of Prisons. The court in Rosemond found that, while the 87 days during which the federal writ was pending had technically been "credited" to Rosemond's state sentence, making credit against his later imposed federal sentence improper under §3585, it was clear from the record that state authorities would have immediately released Rosemond absent the pendency of the federal writ. Therefore, the court found that credit towards the later federal sentence was proper since, "absent the federal action . . . the petitioner would have been released under available state procedures . . .." 137 F.Supp. 2d at

- 4 -

275.

The court went on to explain that, in Rosemond's rare situation, his continued confinement "was exclusively the product of . . . action by the federal law-enforcement officials" and had the effect of treating the state jail just like a federal one. Id., at 274, quoting Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982). Thus, if the state had its way absent express federal interference, Rosemond would not have served the 87 days in custody.

This case is not on all fours with Rosemond. Here, the state parole board three times made independent decisions to deny Pettey parole after the federal charges were filed, and at times when no federal writ prevented his release. While the conduct underlying the federal charges was the basis for the Michigan Board's decision to deny parole, the federal authorities did not in this case require Michigan to continue holding Pettey. Thus, the federal writs which issued in this instance did not serve to keep Pettey in state custody longer than he would have been absent those writs having been lodged. Where Rosemond involved a situation where the state authorities would have immediately released the prisoner absent pendency of a state writ, there is no such evidence here. In fact, it is clear that in this case the state authorities intended to keep Pettey in custody for their own purposes until his release in May, 2004. The state authorities repeatedly decided to keep Pettey in custody, even when there was no federal writ pending. Therefore, Rosemond has no application here, and cannot be relied upon to circumvent §3585.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be denied, and that the motion to compel the filing of a report and recommendation (Docket #10) be denied as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file

timely objections may constitute a waiver of any appellate rights.

                                                  S/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 10, 2006