IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


RYAN JAY PETTEY,

       Petitioner,


-V-                                        Civil Action No. 05-131E


JAMES SHERMAN,                  PETITIONER'S OPPOSITION TO THE
                                                  MAGISTRATE'S REPORT AND RECOMMENDATION
       Respondent,


............................

    When a prisoner files a petition for time credit, that has already been credited towards another sentence, that prisoner has a big hurdle to over come.

    18 U.S.C. 3585(b) expressly prohibits double crediting. Though in some rare case the some prisoners have been credited for time served on other sentence's. Here, the Magistrate judge recommends that Petitioner's petition for credit for time serve be denied, suposely because Petitioner's case is not on all fours with one of the rare cases that a court granted a petition for double crediting.

    The Magistrate judge contends that because their was no federal writ, the Michigan authorities acted on their own to repeatedly deny Petitioner his release from State Prison. The evidence does not support the Magistrate's opinion. But on the other hand the evidence does illustrate that Petitioner's continue State confinement was exclusively cause by the actions of the federal authorities.

Petitioner was granted parole on May 29, 2001 and his parole date was for September 26, 2001. Contrary to the Magistrate's report Petitioner was granted parole not just notified that he was eligible for parole. On September 13, 2001, the federal authorities requested a hold be placed on Petitioner pending an investigation into drugs and several murders. Petitioner was then lodged in the Kent County jail under a parole hold. Petitioner's parole than was suspended on September 25, 2001 a day before he was scheduled to be released on parole.

When Petitioner was denied parole, it was not due to the fact that federal charges were filed as the Magistrate's report indicates. In the State of Michigan when a prisoner has a parole hearing it is conducted by one parole board member, that parole member than brings his notes from the hearing to the other two members, who will then vote if the prisoner is to be granted parole. Here, Petitioner's hearing was conducted on October 1, 2001. The board member that conducted the hearing signed the twelve(12) month continuous on October 1, 2001. Please See Exhibit A Attached.

Therefore, it would be quite impossible for the State authorities to know that Petitioner had be indicted, before, the indictment was ever filed on October 2, 2001. The State authorities could not continue to hold Petitioner on a parole hold. They could neither release him because the federal authorities requested that they hold Petitioner for pending investigation. Thus, they used the only option left available to them and denied Petitioner his parole.

Furthermore, the Magistrate is also off base as to why the State authorities kept on denying Petitioner's parole. I simply just can't understand how the Magistrate can say "that the parole board made independent decisions." When the Information that they were basing their decision on was not true. Murder is a very serious offense and to label an individual as an aiding and abetting it is bad enough. But the federal authorities went a step further and told the State that Petitioner was being investigated for several murders. So now the federal authorities went from exaggerating to flat out lying.

When the federal authorities contacted the State authorities, they already knew Petitioner was not involved in any murder. Please See **UNITED STATES V. OSTRANDER**, 411 F. 3d. 684 (6th Cir. 2005). So why would the federal authorities tell the State that Petitioner was being investigated for several murders? Because they wanted to make sure Petitioner would not be released on parole.

I am attempting to convey to this court the impact of the false accusations made by the F.B.I. to the State authorities and the major role it played in Petitioner repeatedly being denied parole. In the Declaration by Anne Pettey she specifically outlines the process it took to get my parole back. In which she played a major role in. Please See Exhibit B Attached For Easy Reference. The government in their response never denied that the accusations made by the F.B.I. that Petitioner was being investigated for several murders where the sole reason why Petitioner was repeatedly denied parole. Their only argument is that the F.B.I. never requested a hold on Petitioner. Which all the evidence demonstrates that there was one requested.

As this Honorable Court can see, the decision to deny Petitioner his parole was not an independent decision by the Michigan parole board. In **UNITED STATES V. HARRIS**, 876 F. 2d. 1502(1989 Cal Fla.) It was held that "although it is plain that the State took an important part in the acts that resulted in their arrest it cannot be argued that the incarceration was not exclusively the product of such action by the federal law enforcement officials."

Here, the federal authorities requested a hold be placed on Petitioner the State authorities then suspended Petitioners parole and gave him a 12 month continuous. Furthermore when he was returned to State custody Petitioner was repeatedly denied parole because of the false accusations made by the federal authorities.

No matter how you look at this situation here, Petitioner's continued confinement after September 26, 2001 was caused only by the actions of the federal authorities. One of the rare cases that a prisoner was granted credit for time served on another sentence was **ROSE V. MENIFEE**, 137 F. Supp. 2d. 270. The court held that Due Process and fundamental fairness required the BOP to credit Petitioner with the time requested.

Just because this case is not similar with **ROSEMOND** as the Magistrate suggest. They still have similar circumstances. In **ROSEMOND**, the federal authorities took him into custody two days prior to his parole hearing, thus preventing his release. In Petitioner's case the the federal authorities requested a hold be placed on Petitioner two weeks before he was to be release on parole. Petitioner would of also been released when he was return to state custody, if it wasn't for the false allegations by the federal authorities that Petitioner was involved in several murders.

So the reality, of the situation here is that the federal authorities lengthen Petitioner's State sentence by two and half years, by requesting that the State hold Petitioner pending investigation and lying about the nature of the charges Petitioner was being investigated for.

The federal government knew first hand, that it was why Petitioner was being denied his parole. As illustrated by Anne Pettey's declaration. The State authorities contacted Assistant United States Attorney Timothy Vehey and was told that the murder allegations where the reasons why Petitioner was denied parole.

In light of the aforemention, court files, affidavits, Petitioner's Ryan Jay Pettey's request for relief here should be granted.

Respectfully Submitted

*Ryan Pettey*

Ryan Pettey-Pro-Se
Reg#10698-040
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 19th Day Of June 2006

CERTIFICATE OF SERVICE

I, Ryan Jay Pettey, hereby certify under the penalty of perjury, that on the last date given below, I deposited a true and correct copy of my OPPOSITION TO THE MAGISTRATES REPORT AND RECOMMENDATIONS, in the Duluth Federal Prison Camps Legal mail system with first class postage affixed to insure its proper delivery to:

    Christy Wiegand
    Assistant U.S. Attorney
    700 Grant St. Suite 15219
    Pittsburg, PA 15219

Executed On This 19th Day Of June 2006

*Ryan Pettey*
Ryan Pettey