CLD-149                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3607
_____

RYAN JAY PETTEY,
                          Appellant

v.

WARDEN JAMES SHERMAN
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-0131)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 1, 2007

Before: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES.

(Filed : March 20, 2007)
_____

OPINION
_____

PER CURIAM

      Ryan Pettey appeals from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because Pettey's appeal presents no substantial question, we will grant the Government's motion for summary affirmance.

In 2000, Pettey was convicted by a Michigan state court of possession with intent to deliver cocaine and sentenced to 14-240 months of imprisonment. On May 21, 2001, the Michigan Parole Board determined that Pettey was an appropriate candidate for parole with an expected parole date of September 26, 2001. On September 13, 2001, the Federal Bureau of Investigation ("FBI") informed the Michigan Department of Corrections that Pettey was under investigation for his participation in a drug conspiracy which resulted in multiple murders and requested to be notified if he were released. As a result of the information provided by the FBI, Pettey's parole date was suspended. Eventually, in October 2002, Pettey was indicted in federal court on charges. Based on the new information regarding Pettey's participation in a violent drug conspiracy, the Michigan Parole Board suspended Pettey's parole date and eventually revoked his grant of parole.

On October 25, 2001, Pettey was "borrowed" by federal authorities pursuant to a federal writ of habeas corpus ad prosequendum. In May 2002, Pettey pleaded guilty to one count of interstate travel in aid of racketeering and was sentenced to 60 months' imprisonment to be served consecutively to his state sentence. On August 22, 2002, Pettey was returned to state custody to serve the remainder of his state sentence. In September 2002, and again in 2003, Pettey was denied parole by the Michigan Parole Board.

In 2003, Pettey was "borrowed" by federal authorities twice more – from September 22 to October 6 and from November 6 to November 28. Finally, on March 5,

2004, Pettey was paroled into federal custody to begin serving his federal sentence. He was not awarded any time for his prior custody against his federal sentence.

In May 2005, Pettey filed this petition for habeas corpus in the Western District of Pennsylvania. In it, he claimed that the Federal Bureau of Prisons ("BOP") should credit him with time served against his sentence for all of the time after he was denied release on parole, because he was held in Michigan state custody solely because of a federal detainer. He also claims that he should be credited with all of the time that he was "borrowed" by federal authorities. The Magistrate Judge held that he was not entitled to credit against his federal detention for any of the time that he spent in prison before March 5, 2004. The District Judge adopted the report and recommendation, and Pettey appealed.

A federal prisoner is statutorily entitled to credit for time spent in official detention prior to the date his federal sentence commences that resulted from: (1) the offense for which the sentence was imposed; or (2) any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, but only if that time has not been credited against another sentence. 18 U.S.C. § 3585(b). Pettey's federal sentence commenced on March 4, 2004, and the BOP is barred from crediting him with any of the time he spent in custody that had been credited against his state sentence. See id.; United States v. Wilson, 503 U.S. 329, 334 (1992).

Pettey's arguments to the contrary are unavailing. He claims that he should be credited with the time that he served on his Michigan sentence after his parole was revoked because that part of his state sentence was "exclusively the product of [] action by federal law enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." (Mem. of Law in Support of Habeas Pet. at 4) (quoting Davis v. Attorney General, 425 F.2d 238, 240 (5th Cir. 1970) (interpreting 18 U.S.C. § 3658(repealed))). However, the facts of his case clearly show that Pettey's parole was not revoked due to a federal detainer that prevented the state authorities from releasing him. Rather the Michigan Parole Commission, acting on new information regarding his involvement in other crimes, determined that Pettey was not a good candidate for parole. Pettey is also not entitled to credit against his federal sentence for time he spent in federal custody when he was "borrowed" pursuant to a writ of habeas corpus ad prosequendum. See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).

In short, we conclude that his appeal presents us with no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, Accordingly, we grant the Government's motion for summary affirmance and will affirm the District Court's order.

.